## IN THE U.S. DISTRICT COURT OF MARYLAND
## FOR DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Krystin Morris** | * | |
| 1114 Kelfield Drive | | |
| Baltimore, Maryland 21227 | * | |
| **Plaintiff** | | |
| | * | |
| v. | | Case No. |
| | * | |
| **Murphy Enterprises, Inc.** | | |
| (t/a "Champs Sports Bar & Grill & | * | **JURY TRIAL** |
| Murphy's Lawn Service") | | |
| 6600 Baltimore National Pike | * | |
| Catonsville, Maryland 21228 | | |
| | * | |
| a Maryland Corporation | | |
| | * | |
| and | | |
| | * | |
| **Kevin Murphy** | | |
| 6600 Baltimore National Pike | * | |
| Catonsville, Maryland 21228 | | |
| | * | |
| **Together, "Defendants"** | * | |
| _____/ | | |

## COMPLAINT UNDER THE
## FAIR LABOR STANDARDS ACT FOR MONEY DAMAGES

Plaintiff, Ms. Krystin Morris, through undersigned counsel, states a complaint against Defendant Murphy Enterprises, Inc. and Mr. Kevin Murphy ("Defendants"), who together are individually and jointly liable under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and are likewise liable under a supplemental state law claim arising under Maryland's Wage and Hour Law, Md. Ann. Code LE art. 3-401 *et seq.* ("MWHL"), and demand a jury trial, as follows:

**Introduction, Venue, and Jurisdiction**

1.     This is a lawsuit brought by Plaintiff who worked at Defendant's "Champs Sports Bar & Grill," a well-known sports bar located in Catonsville, Maryland.  The Plaintiff is a resident of Baltimore County, Maryland.  The individual Defendant is a resident of Montgomery County, Maryland, upon information and belief.  Defendant Murphy Enterprises, Inc. is incorporated in Maryland.  By failing to pay the Plaintiff *any wages* when she worked certain evening shifts, Plaintiff allege that Defendants willfully violated very clear and well-established provisions of the minimum wage provisions of the FLSA.  Similarly, the Plaintiff alleges that the Defendants violated the minimum wage provisions of the MWHL.

2.     In addition to actual sums owed, Plaintiff seek liquidated (statutory) damages pursuant to the FLSA and the MWPCL, pre-judgment interest on all amounts owed under the MWHL, and attorneys' fees and costs as provided under the FLSA and the MWHL.

3.     Defendant Murphy Enterprises, Inc. is a corporate entity doing business as "Champs Sports Bar & Grill" and "Murphy Lawn Service."  Defendant Champs Sports Bar & Grill serves food and beverages to its patrons in sports bar like atmosphere.  Murphy Lawn Service performs landscaping work.  Defendant Murphy Enterprises, Inc. is run by the Mr. Kevin Murphy.

4.     Plaintiff worked at Champs Sports Bar & Grill from October 2002 through February 2013 as a bartender. Plaintiff worked four (4) shifts a week that were eight (8) hours long each, with three shifts during the week in the evening, and one shift during the day.  While Plaintiff received an hourly wage of $5.25/hour for her day time shifts, she received no wages whatsoever for her evening work.

5.     At all times material herein, the corporate Defendant, in the aggregate had annual gross

volume of sales made or business done in an amount exceeding $500,000.00.

6. Defendant Kevin Murphy, upon information and belief, is an officer of the Defendant Murphy Enterprises, Inc. Defendant Kevin Murphy is assigned all bookkeeping and scheduling functions. Defendant Kevin Murphy supervises the administration of the business, including the scheduling of bartender for work at Champs, and landscape workers working for Murphy Lawn Service. Upon information and belief, he receives earnings, wages, salaries, and dividends from Defendant Murphy Enterprises, Inc. Defendant Kevin Murphy has actively engaged in the management and direction of employees, including the Plaintiff, and has possessed and exercised authority and discretion to fix, adjust, and determine hours worked with respect to employees at Defendant Murphy Enterprises, Inc., including the Plaintiff. Upon information and belief, Defendant Kevin Murphy has custody and control of business records and is responsible for maintaining those records. At all times material herein, Defendant Kevin Murphy is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and the MWHL, Md. Ann. Code, LE art. 3-401(b), and thus, Defendant Kevin Murphy is jointly and individually liable under for damages to the Plaintiffs arising under the FLSA, and the MWHL.

7. Defendant Murphy Enterprises, Inc., potentially with other unknown corporate entities owned and/or operated by Defendant Kevin Murphy (and other family members), together have at least two or more employees who are engaged in commerce, produce goods for commerce, or who handle, sell, or otherwise work on goods or materials that have moved in or were produced for interstate commerce. For instance, there are employees of the Defendant who who cook, serve, and otherwise handle this food, as well as alcoholic beverages, that cross interstate and even international boundaries. There are employees who regularly use wire and electronic means of communicating interstate, including the Plaintiff and other bartenders, who also

regularly sell food that has moved in interstate commerce, and who regularly process credit card transaction for customer payments. There are employees who regularly use, in the Defendant's restaurant, cleaning products, dishes, tools, utensils, napkins, menus, signage, among other items, that have moved in interstate commerce. Accordingly, subject matter jurisdiction exists because the Plaintiff is employed by the Defendant, a single covered enterprise, which satisfies the enterprise coverage provisions under the FLSA. Defendants also satisfy the coverage provisions of the MWHL. As a single enterprise, Defendants have been at all times material herein an "employer" within the meaning of the FLSA and MWHL.

8. Venue is proper.

9. This Court has subject matter jurisdiction to hear these FLSA claims and may exercise supplemental jurisdiction over the MWHL claims.

## Factual Allegations

10. Through various months ranging from October 2002 through February 2013, Plaintiff Morris worked as a bartender for Defendants. She took food/beverage orders from guests of Champs Sports Bar & Grill, and served them their order.

11. Plaintiff was not exempt under the FLSA's minimum wage requirements, and was not exempt from the MWHL's minimum wage requirements.

12. The Plaintiff was paid an hourly rate of $5.25/hour for work during the day shift, but was not paid any hourly rate for work performed during her three evening shifts per week. In the evening, she was allowed to retain only her tips left by customers. Moreover, on at least one occasion, Defendant Murphy threatened to *fire* the Plaintiff unless she paid *him* so that she could retain her job. (Plaintiff paid him the money in order to maintain the only source of income she had available to her).

13. Defendants have violated Plaintiff's right to be paid the full minimum wage. While the FLSA allows employers to pay less than minimum wage to employees who receive tips, 29 U.S.C. § 203(m), the employer must still pay at least $2.13/hour under the FLSA and $3.63/hour under the MWHL. In addition, the employer must also inform the employee that it will take a tip credit. Defendants did not comply with the requirements of 29 U.S.C. § 203(m) and Md. Ann Code LE art. § 3-419, insofar as it did not pay the required wage and it did not satisfy the inform requirements of 29 U.S.C. § 203(m) and Md. Ann Code LE art. § 3-419.

## Causes of Action

### COUNT I
### (FLSA - Failure to Pay Minimum Wage)
### (Plaintiff v. All Defendants)

14. Plaintiff incorporate paragraphs 1-14 as set forth above, and state that Defendants' actions complained of herein constitute a willful violation of 29 U.S.C. § 206 (minimum wage), because Defendants at all times during the Plaintiff's employment, failed to pay the Plaintiff the proper minimum wage rate, free and clear and failed to inform the Plaintiff of the tip credit provisions of 29 U.S.C. § 203(m), and otherwise comply with Federal regulations involving the taking of a tip credit.

15. As a result, Plaintiff has the legal right to receive the full minimum wage, as required by Federal law and applicable Federal regulations.

### COUNT II
### (Maryland Wage/Hour Law - Failure to Pay Minimum Wage)
### (Plaintiff v. All Defendants)

16. Plaintiff incorporate paragraphs 1-15 as set forth above, and state that Defendants' actions complained of herein constitute a violation of Md. Ann. Code LE art. § 3-413 (minimum wage), because Defendants at all times during the Plaintiff's employment, failed to

pay the Plaintiff the proper minimum wage rate, free and clear. In addition, they failed to inform the Plaintiff of the "tip credit" provisions of Md. Ann Code LE art. § 3-419.

19.     As a result, Plaintiff has the legal right to receive the full minimum wage, as required by Maryland law and applicable Maryland regulations.

### Prayer

Based on the foregoing allegations, Plaintiff respectfully requests that this Court grant money damages in an amount to be determined by the evidence, exclusive of attorney's fees and costs; and in support thereof, requests this Honorable Court to issue the following Orders:

(a)     Order Defendants to pay Plaintiff all unpaid minimum wage payments determined by the Court to be due and owing, under the FLSA (and under the Maryland Wage/Hour law), as well as a sum of liquidated damages in an amount equal to the amount of any unpaid minimum wage payments awarded to Plaintiff;

(b)     Award Plaintiff her attorneys' fees and costs in pursuing this action;

(c)     Award Plaintiff her interest on any sums determined due and owing from Defendants, including pre-judgment interest on attorneys' fees and costs in pursuing this action;

(d)     Grant Plaintiff any additional relief that the Court deems appropriate and just.

Respectfully submitted,

*/s/ Howard B. Hoffman*
Howard B. Hoffman, Esq.
Attorney at Law
Federal Bar No. 25965
600 Jefferson Plaza, Suite 304
Rockville, Maryland 20852
(301) 251-3752
(301) 251-3753 (fax)

## **<u>Jury Demand</u>**

The Plaintiff, by her attorney, hereby demands a jury trial as to all issues triable by a jury.

>   */s/ Howard B. Hoffman*
>   Howard B. Hoffman, Esq.