IN THE U.S. DISTRICT COURT OF MARYLAND
FOR DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Krystin Morris** | * | |
| **Plaintiff** | * | |
| v. | * | Case No. JKB 13-1291 |
| **Murphy Enterprises, Inc.** | * | |
| (t/a "Champs Sports Bar & Grill & | | |
| Murphy's Lawn Service"), et al. | * | |
| **Defendants** | * | |

**PLAINTIFF'S MOTION FOR
DEFAULT JUDGMENT**

Plaintiff, by and through undersigned counsel, moves this Honorable Court to enter a default judgment in favor of the Plaintiff and against Defendants Murphy Enterprises, Inc. and Kevin Murphy, and in support thereof, state as follows:

**I.   Standard of Review**

"Rule 55(b) of the Federal Rules of Civil Procedure govern default judgments. Rule 55(b)(1) provides that the clerk may enter a default judgment if the plaintiff's claim is 'for a sum certain or a sum that can be made certain by computation.' " Monge v. Portofino Ristorante, 751 F.Supp.2d 789, 793-94 (D. Md. 2010). It is within the Court's discretion to grant default judgment when a defendant does not respond or defend the case. Id. at 794 (citing Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987)).

Defendants in this case have been served but have not responded. Thus, all of the Plaintiff's allegations - other than those pertaining to damages - are deemed admitted. Fed.R.Civ.P. 8(b)(6). On default judgment, the Court may only award damages without a hearing if the record supports the damages requested. Monge, 751 F.Supp.2d at 795 (citing

cases). "Proceeding without a hearing is the exception: 'Claims for damages must generally be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed.' " Id. (quoting U2 Home Entm't, Inc. v. Fu Shun Wang, 482 F.Supp.2d 314, 318 (E.D.N.Y. 2007)). However, this Court has entered a judgment for damages under the Federal Fair Labor Standards Act, as to employees who have only submitted affidavits. Monge, 751 F.Supp.2d at 799; see also Clancy v. Skyline Grill, LLC, ELH 12-1598, 2012 WL 5409733, *7 (D. Md. Nov. 5, 2012).

## II.  Facts

This is a lawsuit brought by Plaintiff who worked at Defendant's "Champs Sports Bar & Grill," a well-known sports bar located in Catonsville, Maryland, from October 2002 through February 2013 as a bartender. (ECF Doc. 1, ¶¶ 1, 10 & Exh. 1, ¶ 1). Plaintiff alleges that she was not paid any wages when she worked certain evening shifts. (ECF Doc. 1, ¶¶ 1, 12).

Plaintiff claims that Murphy Enterprises, Inc. is the corporate entity that operates "Champs Sports Bar & Grill," and also operates "Murphy Lawn Service." (ECF Doc. 1, ¶ 3; Exh. 1, Aff. ¶ 2). Plaintiff claims that she worked at Champs Sports Bar & Grill from October 2002 through February 2013 as a bartender. (ECF Doc. 1, ¶ 4). Plaintiff worked four (4) shifts a week that were eight (8) hours long each, with three shifts during the week in the evening, and one shift during the day. (ECF Doc. 1, ¶ 4 & Exh. 1, Aff. ¶ 3). While Plaintiff received an hourly wage of $5.25/hour for her day time shifts, she received no wages whatsoever for her evening work. (ECF Doc. 1, ¶¶ 4, 12 & Exh. 1, ¶ 3).

Plaintiff has adequately pled the jurisdiction of this Court. See (ECF Doc. 1, ¶ 7). Plaintiff has pled that the corporate Defendant, in the aggregate had annual gross volume of sales made or business done in an amount exceeding $500,000.00. (ECF Doc. 1, ¶ 5). She

states that it had more than two employees, and that they sold alcoholic beverages that had clearly moved in interstate commerce.  (Exh. 1, ¶ 4).

Plaintiff has also adequately pled that Defendant Kevin Murphy is her employer.  (ECF Doc. 1, ¶ 6 & Exh. 1, ¶ 5).  Plaintiff states that Defendant Murphy supervised the administration of the business, including hiring and scheduling of bartenders for work at Champs and landscape workers for Murphy Lawn Service.  (Exh. 1, ¶ 5).  Plaintiff states that she was only allowed to work for tips in the evening, and that Defendant Murphy threatened to fire her unless she paid him in order to retain her job.  (ECF Doc. 1, ¶ 12 & Exh. 1, ¶ 5).

Plaintiff claims that she was not properly paid the minimum wage under Federal and State law.  (ECF Doc. 1, ¶¶ 13-19).  She claims that Defendant violated the "tip credit" provisions of the FLSA and Maryland Wage/Hour Law (MWHL), see 29 U.S.C. § 203(m) and Md. Ann Code LE art. § 3-419, insofar as it did not pay the required wage and it did not satisfy the inform requirements of 29 U.S.C. § 203(m) and Md. Ann Code LE art. § 3-419.  (ECF Doc. 1, ¶ 13 & Exh. 1, ¶ 5).

Neither Defendant has filed an Answer to this lawsuit and the Clerk of the Court has entered an Order of Default on June 7, 2013.  (ECF Doc. 8).

**III.    Argument**

The Plaintiff has pled, and Defendants have defaulted and thus admitted, all of the elements of an FLSA violation: (1) that she performed work as an employee; (2) that Defendants were her employer; (3) that Defendants are a covered enterprise subject to the FLSA; and (4) that Defendants violated the FLSA by not properly paying her wages in accordance with 29 U.S.C. § 206.  In essence, Plaintiff plausibly alleges a violation of the FLSA and MWHL.  Defendants have defaulted on these allegations.

Plaintiff's Complaint does not seek a specific sum certain. However, the nature of this case lends itself to easy calculation and disposition of damages. Plaintiff submits that she is owed damages as follows:

| Number of Weeks In Year | | | | Damage Per Week = $190 | Total Amount of Damages Per Year (# of weeks in year x $174) | | | |
|---|---|---|---|---|---|---|---|---|
| **2013** | **2012** | **2011** | **2010** | ((3 shifts of 8 hours x $7.25/hour = $174.00) + (1 shift of 8 hours x. $2.00/hour ($7.25/minimum wage hour less $5.25/hour paid) = $16.00)). | **2013** | **2012** | **2011** | **2010** |
| 9 | 52 | 52 | 31 | | $1,710.00 | $9,880.00 | $9,880.00 | $5,890.00 |

Therefore, based upon the number of weeks Plaintiff worked in the three years preceding her lawsuit, multiplied by the loss each week of $190.00, Plaintiff is owed $27,360.00.

Plaintiff also seeks liquidated damages in an amount equivalent to the amount of unpaid minimum wages, in addition to the liability for the unpaid wages. <u>Compare</u> (ECF Doc. 1, Prayer (item (a))) <u>with</u> 29 U.S.C. § 216(b); <u>Clancy</u>, 2012 WL 5409733, at *7.

## IV.   Conclusion / Requested Relief

Accordingly, Plaintiff seeks a default judgment in the amount of **$54,720.00** in total loss (compensatory and liquidated) from the Defendants, with attorneys' fees and costs to be determined by the Court after Judgment is entered.[1]

---

[1]   Plaintiff anticipates filing a very simple and abbreviated motion for attorneys' fees and cost.

Alternatively, if it pleases the Court, the Plaintiff requests the Court enter an appropriate Order that the Plaintiff recover damages from the defaulting Defendants in an amount to be determined based on the proof following an evidentiary hearing.

Respectfully submitted,

*/s/ Howard B. Hoffman*
Howard B. Hoffman, Esq.
Attorney at Law
Federal Bar No. 25965
600 Jefferson Plaza, Suite 304
Rockville, Maryland 20852
(301) 251-3752
(301) 251-3753 (fax)

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of August, 2013, a copy of the foregoing Plaintiff's Motion for Default Judgment, along with all Exhibits and other attachments, was filed via the Electronic Case Filing System (ECF) maintained by the U.S. District Court for the District of Maryland, and is available for viewing and downloading from the ECF system.

I hereby further certify that on this 12th day of August, 2013, a copy of the foregoing Plaintiff's Motion for Default Judgment, along with all Exhibits and other attachments, was served via U.S. Mail first class postage prepaid, on the following Defendants:

**Kevin Murphy**
**Champs Sports Bar & Grill**
**6600 Baltimore National Pike**
**Catonsville, Maryland 21228**

*/s/ Howard B. Hoffman*
Howard B. Hoffman, Esq.